**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　*Plaintiff-Appellee,*

v.

BENNIE L. COOK,
　　　　*Defendant-Appellant.*

No. 02-4067

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Cameron McGowan Currie, District Judge.
(CR-01-213-CMC)

Submitted: July 1, 2002

Decided: July 15, 2002

Before WIDENER and WILKINS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Eric William Ruschky, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Bennie Lee Cook was convicted following a jury trial of six counts of mail fraud in violation of 18 U.S.C.A. § 1341 (West 2000) and three counts of bank fraud in violation of 18 U.S.C.A. § 1344 (West 2000). Cook was sentenced to a total of fifty-seven months in prison, a total of five years of supervised release, and assessed a total of $11,800 in restitution. The sole issue Cook raises on appeal is whether the district court erred when it admitted evidence of Cook's prior convictions for mail fraud and bank fraud under Federal Rule of Evidence 404(b).

We review the district court's admission of evidence under Rule 404(b) for abuse of discretion. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). In order for a prior act to be admissible under Rule 404(b): "(1) the prior-act evidence must be relevant to an issue other than character, such as intent; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) as required by Federal Rule of Evidence 403, its probative value must not be 'substantially outweighed' by its prejudicial nature." *Id.* We have reviewed the admission of the evidence and the district court's limiting instruction regarding the evidence and conclude the district court did not abuse its discretion by admitting the evidence of the prior convictions in order to prove Cook's plan, knowledge and intent. Accordingly, we affirm Cook's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

*AFFIRMED*